IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WILLIAM HIGGINS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  Case Number<br>) |
| (2) OFFICE DEPOT, INC.<br>    Defendant. | )<br>)  JURY TRAIL DEMANDED |

### COMPLAINT

Plaintiff, William Higgins, by and through counsel, Kindanne C. Jones, for his causes of action, states as follows:

### Jurisdiction and Venue

1.   This is an action for declaratory relief and damages to secure protection of and to redress deprivation of rights secured by Family and Medical Leave Act (FMLA) 29 U.S.C. §§2601 et seq. and the laws of the State of Oklahoma.[1]

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 & 1367 and 29 U.S.C. §§2601 et. seq.

3.   The unlawful employment practices alleged below were committed within the Western District of the State of Oklahoma.

### Parties

4.   Plaintiff, William Higgins is a fifty-two (52) years old resident of Oklahoma City, Oklahoma and at all times relevant was employed by defendant Office Depot, Inc.

5.   Defendant, Office Depot, Inc. is a foreign corporation and licensed to do

---

[1] Plaintiff has a complaint of age discrimination pending with the EEOC and has requested his right to sue. Upon receipt, plaintiff will amend this complaint, to add a claim for age discrimination as well. The facts related to that complaint are included at this time.

1

business within the State of Oklahoma.  Defendant is doing business throughout the State of Oklahoma including the Western District of Oklahoma.  At all times relevant to this action, defendant employed in excess of fifty (50) employees.

## Facts

6.Plaintiff was employed in defendant's Business Services Division as a sales representative from February of 1997 through August 14, 2003.  In 2001, he was one of defendant's top producers and up until that time, consistently received positive evaluations and generous bonuses.

7.The few years preceding the termination of his employment, plaintiff observed defendant engaging in a pattern of age discrimination by forcing plaintiff's older co-workers out of its employ and ridding itself of older workers with different office supply companies it acquired.  Defendant's high ranking executives also made statements at meetings indicating defendant's bias towards younger employees.

8.At the time of the termination of his employment, plaintiff was one of the oldest, if not the oldest sales person in the Dallas region, which includes the State of Oklahoma.

9.Beginning in December of 2001, plaintiff began experiencing treatment which was unfair and designed to force him out of defendant's employ, which included setting unrealistically high and unfair sales goals/quotas for plaintiff to meet.

10.In June of 2002, defendant removed the majority of plaintiff's accounts, which made it even more difficult for him to meet the unrealistically high sales goals.

11.On September 11, 2002, plaintiff sustained what appeared to be a rather minor injury at work, hitting the top of his head while unloading a box of catalogs.  As it did

not appear to be serious or require treatment, plaintiff took no steps to notify defendant of his injury at that time. Within a short period of time, plaintiff began experiencing numbness in his left arm and neck pain which required him to seek medical care.

12. In February of 2003, still unaware that these symptoms were caused by the work related injury, plaintiff learned he would require surgery and would be off work for a minimum of six (6) weeks. Plaintiff immediately notified defendant of his surgery which had been scheduled for the following month and of his need for FMLA leave. His supervisors were unhappy about plaintiff's need for leave.

13. During the surgery, it was discovery that plaintiff's medical problems were caused by his September 2002 work related injury and, as soon as he was able, plaintiff submitted a worker's compensation notice of claim.

14. In early June, plaintiff sought and received a three and one-half week extension of his leave and was assured in writing by defendant that his FMLA leave had been extended. Plaintiff was released and returned to work on June 20, 2003.

15. Upon his return to work, it was clear that plaintiff superiors were determined to end plaintiff's employment. He was advised that even though he had missed more than twelve (12) weeks of work, defendant would not adjust his sales quotas to take into account that he had been on leave, and that if he failed to meet those quotas, his employment would be terminated.

16. He was placed on a plan of improvement requiring him to meet these unrealistically high, year long quotas and then terminated his employment before plaintiff had the opportunity to at least attempt to complete the plan of improvement.

17. Defendant terminated plaintiff's employment because of plaintiff's rightful

exercise of leave under the FMLA, his exercising his rights under the Worker's Compensation laws of the State of Oklahoma and because of his age, which at the time was fifty (50).

**First Claim for Relief - Family Medical Leave Act**

18. Plaintiff incorporates by reference numbered paragraphs 1-17 of her complaint.

19. Plaintiff had a serious health condition which entitled him to leave under the FMLA. Plaintiff fully complied with the FMLA when taking his leave.

20. Defendant's refusal to adjust plaintiff's workload to take into account his leave time and termination of plaintiff's employment because he could not complete a years worth of work, when he worked less than seventy-five percent (75%) of the year violated the FMLA.

21. Plaintiff was damaged as a result of defendants wrongful conduct. Plaintiff's damages include lost wages and benefits in both front and back pay and substantial other monetary losses sustained as a direct result of defendant's actions.

22. Defendant's violations of the FMLA were willful and intentional, entitling plaintiff to liquidated damages.

Wherefore, plaintiff prays for judgment against defendant declaring its actions to be in violation of the FMLA and for the damages he has suffered and continues to suffer as a result of defendant's willful violations which are recoverable under the law and which exceed $100,000.00, liquidated damages, attorneys' fees, costs, pre and post judgment interest, reinstatement of employment and any other relief deemed equitable and appropriate.

**Second Claim for Relief - Worker Compensation Retaliatory Discharge**

23. Plaintiff incorporates by reference numbered paragraphs 1-22 of her complaint.

24. Plaintiff informed defendants of his injury and his intent to, pursuant to statute, institute or cause to be instituted in good faith, a proceeding under Title 85 of the Oklahoma statutes.

24. Upon learning and in retaliation for plaintiff's exercise protection of his legal rights, defendant terminated plaintiff's employment in violation of 85 O.S. §§5, 6, and 7.

25. As a direct result of plaintiff's termination, plaintiff has sustained both past and future lost income and benefits and is entitled to be compensated for those damages.

26. As a direct result of the termination of plaintiff, in violation of the Worker's Compensation Laws of the State of Oklahoma, plaintiff has suffered pain, embarrassment, humiliation, and mental distress and is entitled to be compensated for those damages.

27. As a direct result of the termination of plaintiff, in violation of the Worker's Compensation Laws of the State of Oklahoma, defendants have subverted the purpose of these laws and has acted maliciously, willfully and wantonly toward plaintiff for which he is entitled to punitive damages not to exceed One Hundred Thousand dollars ($100,000.00).

Wherefore, plaintiff prays for judgment against defendant declaring its actions to be in violation of the Worker's Compensation laws of the State of Oklahoma and for the damages he has suffered and continues to suffer as a result of defendant's willful violations which are recoverable under the law and which exceed $100,000.00, punitive damages, attorneys' fees, costs, pre and post judgment interest, reinstatement of employment and any other relief deemed equitable and appropriate.

Respectfully Submitted,

|  |  |
|---|---|
| ATTORNEY'S LIEN CLAIMED | s/Kindanne C. Jones<br>Kindanne C. Jones<br>Bar Number #11374<br>Attorney for Plaintiff<br>Eddy & Jones, P.C.<br>228 Robert S. Kerr Ave., Suite 220<br>Oklahoma City, OK 73102<br>Telephone:   (405) 239-2524<br>Facsimile:   (405) 239-2665<br>kindy@eddyjoneslaw.com<br>ejlaw@eddyjoneslaw.com |